*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMNA MAHMOOD,

        Plaintiff/Counterdefendant-Appellee,

V

IRFAN MAHMOOD,

        Defendant/Counterplaintiff-Appellant,

and

ASMAT MIRZA,

        Third-Party Defendant,

and

JACOB KAHN, Receiver,

        Appellee.

UNPUBLISHED
July 16, 2026
2:45 PM

No. 375313
Macomb Circuit Court
LC No. 2021-009917-DO

Before: GADOLA, C.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

In a prior appeal in this divorce action, this Court held that the trial court had jurisdiction to determine whether plaintiff held an interest in certain property in Bloomfield Hills, and we affirmed the trial court's determination that the property "belonged within the marital estate." *Mahmood v Mahmood*, unpublished per curiam opinion of the Court of Appeals, issued November 15, 2025 (Docket No. 366683), p 8. The trial court subsequently appointed a receiver to list and sell that property so that plaintiff and defendant could share in the proceeds equally under the terms of the judgment of divorce. Defendant now appeals the trial court's order appointing a receiver. We leave the trial court's order appointing a receiver undisturbed and dismiss the appeal for lack of jurisdiction.

Under MCL 600.308(1), "[t]he court of appeals has jurisdiction on appeals from all final judgments and final orders from the circuit court . . . as those terms are defined by law and supreme

-1-

court rule . . . ."  Additionally, "[i]n receivership and similar actions, the court may direct that an order entered before adjudication of all of the claims and rights and liabilities of all the parties constitutes a final order on an express determination that there is no just reason for delay." MCR 2.604(B).

The order from which defendant appeals is not a final order because it explicitly states that it "does not resolve the last pending claim or close the case."  And the trial court did not exercise its discretion under MCR 2.604(B) to deem the appointment of a receiver a final order.  Therefore, we lack jurisdiction to address the issue.  See *Children's Hosp of Mich v Auto Club Ins Ass'n*, 450 Mich 670, 677; 545 NW2d 592 (1996) (noting that even if it would be more efficient to process an appeal of a nonfinal judgment, "the existence of such a situation is a ground upon which to apply for leave to appeal, not an exception to the rules governing appeals of right").

Dismissed.


/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron